UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL SEPULVEDA,

                Petitioner,

-v-

STATE OF NEW YORK,

                Respondent.

Case No. 08-CV-5284 (KMK)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

---

KENNETH M. KARAS, District Judge:

In 2004, Petitioner Samuel Sepulveda was convicted by a New York state jury of first degree robbery and second degree robbery. (Report and Recommendation ("R&R") 1–2 (Dkt. No. 10).) The trial judge sentenced him to twelve years in prison and five years of post-release supervision on the first degree count and to a concurrent one-year term of imprisonment on the second degree count. (*Id.* at 2.) The Second Department affirmed his conviction on direct appeal. (*Id.* at 8–9.) Proceeding pro se, Petitioner then filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on June 10, 2008. (Dkt. No. 1.) The case was referred to Magistrate Judge Yanthis on June 19, 2008, (Dkt. No. 2), who issued an R&R, recommending that the Court deny the Petition, (R&R at 2). The Court now adopts the R&R to the extent it is consistent with this Opinion.

### I. Background

The Court assumes the Parties' general familiarity with the factual background of the case as set forth in the R&R. The Court therefore will briefly summarize only the procedural history relevant to this Court's review of Magistrate Judge Yanthis's R&R.

As the Court has previously recounted, the R&R was served on Petitioner by mail on June 14, 2012. Petitioner submitted a timely response on June 26, 2012, explaining that "someone mixed up something," as he had "not filed any paperwork" since his direct appeal. Petitioner incorrectly hypothesized that Magistrate Judge Yanthis's R&R actually addressed the habeas petition of Petitioner's brother, Christopher Sepulveda, (Letter from Samuel Sepulveda to the Court (June 26, 2012) (Dkt. No. 12)), which is also before Magistrate Judge Yanthis. (Dkt. Nos. 1, 12 (11-CV-0487 (CS) Docket).) Petitioner's time to submit further responses to Judge Yanthis's R&R—i.e., responses beyond his letter of June 26—subsequently expired.

On September 27, 2012, this Court issued an Order explaining that Magistrate Judge Yanthis's R&R did in fact address Petitioner's Petition—not Christopher Sepulveda's petition—and informing Petitioner that if he wanted to file objections to the R&R, he would have to file a motion to the Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) within thirty days. (Dkt. No. 13.) More than thirty days have elapsed, and Petitioner has not made such a motion or otherwise responded to the Court's September Order.

## II. Discussion

### A. Standard of Review

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to a magistrate judge's report and recommendation. The standard by which a district court reviews a report and recommendation addressing a dispositive motion depends on whether the report and

2

recommendation was subject to objections. Where a party files objections to a report and recommendation, the district court reviews de novo the portions of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. In contrast, when no objections are filed, the court reviews the report and recommendation for clear error. *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008). To be timely, objections must be made within seventeen days after the objecting party was served with a copy of the R&R by mail. *See* 28 U.S.C. § 636(b)(1) (stating that objections are due within fourteen days after service of R&R); Fed. R. Civ. P. 72(b)(2) (same); Fed. R. Civ. P. 6(d) (granting three additional days when service is by mail). Objections must be "specific" and "written." Fed. R. Civ. P. 72(b)(2). Because of Petitioner's pro se status, the Court offered Petitioner multiple opportunities to submit objections to Magistrate Judge Yanthis's R&R to no avail, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[P]*ro se* plaintiffs should be granted special leniency regarding procedural matters"); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (instructing district courts to construe submissions by pro se litigants liberally). No objections were filed. The Court therefore reviews the R&R for clear error.

B. Analysis

Petitioner presented four claims for habeas relief in the instant Petition, each of which is without merit.

Petitioner's first two claims are based on the state prosecutors' alleged failure to provide requisite notice, pursuant to New York Criminal Procedure Law § 710.30, of testimony involving in-court identifications that would be offered at trial. As Magistrate Judge Yanthis

3

correctly noted, it is "well settled" that a prosecutor's violation of § 710.30 "does not [give rise to] a claim of constitutional magnitude" and that "any [such] error is not cognizable on a habeas review." *Matthews v. Artuz*, No. 97-CV-3334, 1999 WL 349694, at *8 (S.D.N.Y. May 27, 1999) (internal quotation marks omitted); *see also Edwards v. Rock*, No. 09-CV-1387, 2013 WL 80176, at *16 (E.D.N.Y. Jan. 7, 2013) ("Petitioner's claim that he should have received notice pursuant to C.P.L. § 710.30 is not cognizable under federal habeas law . . . ."); *McCullogh v. Filion*, No. 01-CV-6484, 2012 WL 5439045, at *3 (W.D.N.Y. Nov. 7, 2012) ("[E]ven if the admission of the identification testimony at issue did contravene C.P.L. § 710.30(1), a federal constitutional violation did not result since the Constitution does not guarantee a right to advance notice of identification testimony."). Judge Yanthis dismissed these claims on that basis.

Petitioner claims that the prosecutors' violations of the notice requirements of § 710.30 were tantamount to constitutional deprivations. (Pet. 6–7.) But Petitioner did not present the *constitutional variations* of his § 710.30 arguments on direct appeal, (Resp't's Mem. of Law, Ex. 5, at 14–19). *Cf. Chellel v. Miller*, No. 04-CV-1285, 2008 WL 3930556, at *5 & n.1 (E.D.N.Y. Aug. 21, 2008) (finding that petitioner had failed to raise a constitutional § 710.30 argument on direct appeal, even where petitioner explicitly invoked the concept of "Due Process" and cited the "Fourteenth Amendment"). *See Generally Daye v. Attorney General of N.Y.*, 696 F.2d 186, 194 (2d. Cir. 1982) (en banc) (establishing "the ways in which a state defendant may fairly present to the state courts the constitutional nature of [a] claim"). The constitutional claims are thus unexhausted, and unexhausted claims generally may not be considered on habeas review. *See* 28 U.S.C. § 2254(b)(1)(A); *see also e.g.*, *Noakes v. Kaplan*, No. 10-CV-5141, 2012 WL 718553, at *9 (S.D.N.Y. Mar. 5, 2012) ("Before a federal court may consider a state prisoner's petition for a writ of habeas corpus, all state remedies must be exhausted."); *Chellel*, 2008 WL

4

3930556, at *4 ("A petitioner must present the substance of a habeas corpus claim to the state court, including its federal constitutional dimension, before a federal habeas court can consider it.").

Additionally, however, Petitioner is now barred from raising his constitutional § 710.30 arguments before a New York state court. *See* N.Y. Crim. Proc. Law § 440.10(2)(c) (barring review of a claim on a motion to vacate that could have been raised on direct appeal); *Stallings v. Heath*, No. 11-CV-4894, 2012 WL 735399, at *14 (S.D.N.Y. Mar. 7, 2012) (collecting authority for the proposition that, under New York law, an aggrieved party is entitled to only one appeal), *adopted by* 2012 WL 1538513 (S.D.N.Y. May 2, 2012); *White v. West*, No. 04-CV-2886, 2010 WL 5300526, at *25 (E.D.N.Y. Dec. 6, 2010) (explaining that habeas petitioner was barred from raising constitutional claims that "could have been, but were not raised in either his direct appeal . . . or in his 440 motion to vacate the judgment"). "Because [Petitioner] can no longer obtain state-court review of [these] claims on account of his procedural default, those claims are now to be deemed exhausted" and procedurally defaulted. *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004); *see also Young v. New York*, No. 11-CV-0110, 2012 WL 6644993, at *10 (E.D.N.Y. Dec. 20, 2012) (same); *Stallings*, 2012 WL 735399, at *14 & n.26 (collecting authority for same proposition). Petitioner is therefore entitled to habeas review only if he can show "'cause' for the default and actual 'prejudice' resulting therefrom or show that he is 'actually innocent.'" *DiGuglielmo*, 366 F.3d at 135 (citations omitted). Petitioner does not even attempt to demonstrate—let alone actually demonstrate—either cause and prejudice on the one hand, or actual innocence on the other.

Petitioner's constitutional § 710.30 arguments also fail on the merits. To the extent that the Court construes Petitioner's claims to be based in Due Process, the claims are deficient.

5

First, as noted, it is established law in the Second Circuit that "the right to due process does not include pretrial notice of the prosecution's intention to offer identification testimony." *Chellel*, 2008 WL 3930556, at *5 (citing *Brown v. Harris*, 666 F.2d 782, 785 (2d Cir. 1981)). Second, the trial court conducted so-called *Wade* hearings, (R&R at 4–7), to ensure that the police had not employed "suggestive and misleading pretrial identification procedures," thereby tainting the in-court identification testimony that was offered against Petitioner, *People v. Gissendanner*, 399 N.E.2d 924, 930 (N.Y. 1979); *see also People v. Beliard*, 956 N.Y.S.2d 234, 237 (App. Div. 2012) ("'The purpose of a *Wade* hearing . . . [is] to examine police procedures surrounding an out-of-court identification of the defendant for a taint of suggestiveness'" (brackets omitted) (quoting *Lynn v. Bliden*, 443 F.3d 238, 249 (2d. Cir. 2006))); the trial court found that the police had not employed such procedures and otherwise confirmed the reliability of one of the witnesses, (R&R at 4–7); and Petitioner has not challenged the trial court's findings in this regard. Third, the witnesses who provided in-court identification were not surprise witnesses, but rather had been noticed to defense counsel—before jury selection in the case of three witnesses, and ten days before offering testimony in the case of another, (R&R at 4–5). *Cf. Drake v. Portuondo*, 321 F.3d 338, 344–45 (2d Cir. 2003) (rejecting habeas petitioner's due process claim based on trial court's admission of "surprise testimony" and tandem denial of petitioner's request for a continuance to prepare a response); *Rosario v. Burge*, 542 F. Supp. 2d 328, 339 (S.D.N.Y. 2008) (same).

And, to the extent that Petitioner's claims are based on the Confrontation Clause, the claims also fail, because trial counsel cross-examined each of the witnesses for which there was an allegedly deficient notice, (R&R at 7–8, 11). *See Drake*, 321 F.3d at 344 (rejecting habeas petitioner's Confrontation Clause claim in part because "the state court did not curtail cross-

6

examination or exclude rebuttal by the defense"); *Dotson v. Ercole*, No. 06-CV-7823, 2009 WL 1615997, at *2 (S.D.N.Y. June 9, 2009) (finding that petitioner's "argument pursuant to the Confrontation Clause . . . fail[ed]," where "[p]etitioner was provided the opportunity (and, indeed, took advantage of that opportunity) to cross-examine the witness at issue at trial"); *Johnson v. Walker*, No. 01-CV-6862, 2003 WL 22002420, at *9 (E.D.N.Y. Aug. 25, 2003) (same).

Petitioner's third claim is that there was insufficient evidence to establish his guilt on either count, because "there was no forcible taking of property." (Dkt. No. 1.) The Second Department rejected this argument, finding that Petitioner had not adequately preserved it for appellate review, because Petitioner had not made a motion to dismiss regarding the specific insufficiency of the evidence that he alleged on appeal at the close of the prosecution's case. *See People v. Sepulveda*, 837 N.Y.S.2d 220, 221 (App. Div. 2007); *see also* N.Y. Crim. Proc. Law § 470.05(2); *Scission v. Lempke*, 784 F. Supp. 2d 237, 244 (W.D.N.Y. 2011) ("New York courts have consistently held that a general motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged."). Magistrate Judge Yanthis correctly held that Petitioner's failure to file such a motion was an independent and adequate state procedure rule barring habeas review, *see Richardson v. Green*, 497 F.3d 212, 218–19 (2d Cir. 2007); *Mendez v. Graham*, No. 11-CV-5492, 2012 WL 6594456, at *10 (E.D.N.Y. Dec. 18, 2012), and that Petitioner had failed to allege either cause for his default or any resulting miscarriage of justice, *see Mendez*, 2012 WL 6594456, at *10 (citing *Coleman v. Thomposon*, 501 U.S. 722, 750 (1991)). This claim is therefore denied.

Petitioner's final claim for relief is that the sentence imposed by the trial court was harsh and excessive. Magistrate Judge Yanthis correctly explained that because Petitioner's sentence

7

fell within the range prescribed by state law, *see* N.Y. Penal Law §§ 160.15, 70.02(3)(a), it did not provide a basis for habeas relief, *see Tinch v. Racette*, No. 11-CV-4441, 2012 WL 3541823, at *4 (E.D.N.Y. Aug. 14, 2012); *Owens v. Conway*, No. 10-CV-3183, 2010 WL 3290980, at *1–2 (S.D.N.Y. Aug. 11, 2010). Consequently, this claim too is denied.

### III. Conclusion

For the reasons stated above and in the R&R, the Court finds that Petitioner's claims do not warrant habeas relief. Accordingly, it is

ORDERED that the Report and Recommendation dated April 6, 2010 is ADOPTED. It is further

ORDERED that Petitioner's writ of habeas corpus is DISMISSED. It is further

ORDERED that the Court declines to issue a certificate of appealability. It is further

ORDERED that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment would not be taken in good faith.

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated: March 26, 2013
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

8